United States District Court
District of Massachusetts

```
_____
                               )
KATHLEEN M. CRAFT and ROBIN R.  )
CRAFT,                          )
         Plaintiffs,            )
                                )    Civil Action No.
         v.                     )    08-10975-NMG
                                )
REGIONS MORTGAGE, INC.,         )
CITIGROUP GLOBAL MARKETS REALTY )
CORP., CITIFINANCIAL INC. and   )
CITIGROUP INC.,                 )
         Defendants.            )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiffs Kathleen M. Craft ("Kathleen") and Robin R. Craft ("Robin") brought suit against defendants Regions Mortgage, Inc. ("Regions") and Citigroup Global Markets Realty Corp. ("Citigroup Global") for 1) negligent misrepresentation, 2) fraud, 3) breach of contract and 4) libel; and, against Regions, Citigroup Global, CitiFinancial Inc. ("CitiFinancial") and Citigroup Inc. ("Citigroup"), for 1) violation of the Massachusetts Predatory Home Loan Practices Act, Mass. Gen. Laws ch. 183C, 2) negligence and 3) violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A. Before the Court is plaintiffs' motion for reconsideration of the Court's ruling on the parties' cross-motions for summary judgment in January, 2011.

## I.  Factual Background

This dispute arises out of the assignment and sale of Kathleen's home loan and the parties' subsequent dealings related to that loan.  On December 21, 2005, Kathleen executed a note for $368,600 payable to the order of Accredited Home Lenders, Inc. ("Accredited").  That note was secured by a mortgage on the plaintiffs' residence at 2 Manila Avenue in Amesbury, Massachusetts.

On March 16, 2007, Accredited sold (and assigned) Kathleen's loan ("the Accredited Loan") to defendant Citigroup Global as part of a pool of mortgage loans.  Regions was assigned to service the loan on behalf of Citigroup Global.  At the time, Kathleen was in default because of her failure to make monthly payments.  On March 29, 2007, apparently unaware that her loan had just been assigned, Kathleen filed suit against Accredited and two other entities in Massachusetts state court ("the Accredited Suit").  Her claims were similar to those alleged here, i.e. Accredited was charged with predatory and deceptive practices as well as inflating the value of the Crafts' residence.

Plaintiffs contend that they first learned that Accredited had sold and assigned Kathleen's loan in July, 2007.  They allege that, for the succeeding six months, the defendants misled them about their plans with respect to the Accredited Suit and

Kathleen's loan.  First, the plaintiffs claim that in August and again in December, 2007, Regions told them that the loan would be re-assigned to, or repurchased by, Accredited.  That did not occur and the loan remained with the defendants.  Thereafter, the Crafts maintain, Regions offered to adjust the loan agreement to make it more affordable and to add Robin as an obligor.  Finally, plaintiffs allege that the defendants repeatedly told them that 1) the Accredited Suit did not affect the mortgage contract because Accredited no longer owned it, 2) only Citigroup Global could modify the loan contract and 3) any settlement with Accredited would not apply to Regions or Citigroup Global.

Dissatisfied with the defendants' conduct and in anticipation of filing a consumer protection claim, Kathleen sent a demand letter to Regions on March 8, 2008 outlining her complaints.  That letter noted that the Accredited suit was still pending.  About one month later, however, on April 7, 2008, Kathleen and Accredited entered into a Release and Settlement Agreement ("the Release and Settlement").  Accredited agreed to pay Kathleen $65,000, $50,281 of which reimbursed her for past payments to Accredited and $14,719 of which settled "all disputed claims".  Although the agreement explicitly states that Accredited no longer owned Kathleen's loan, it also contains the following release ("the Release"):

> [Kathleen] hereby releases, remises and discharges [Accredited], and [its] . . . successors . . . and

assigns . . . from any and all claims, demands, actions,
suits, causes of action, and liabilities of every nature,
arising heretofore or hereafter, which are known or which
are unknown or unknowable, including, but not limited to,
any and all claims that were raised or could have been
raised in the [Accredited suit] and any and all claims .
. . arising out of or relating in any way to the loan
from [Accredited] to [Kathleen].

## II. __Procedural History__

On April 16, 2008, just nine days after executing the
Release and Settlement, Kathleen and Robin filed a complaint
against the defendants in the Massachusetts Superior Court
Department for Essex County, making the same general allegations
as outlined in the March, 2008, demand letter.  Defendants
removed the case to this Court in June, 2008.  In August, 2009,
after limited discovery, the defendants moved for summary
judgment on the basis that the plaintiffs' claims were barred by
the Release.

On March 29, 2010, the Court issued a Memorandum & Order
("the March, 2010 M&O") which contained a compound ruling with
respect to defendants' motion for summary judgment.  First, the
Court allowed the motion with respect to defendants Citigroup and
CitiFinancial because they were not parties to the loan and had
no demonstrable link to the case or to the claims.  Second, the
Court denied the motion with respect to Robin because she had a
sufficient interest in, and thus standing to pursue, the
litigation.  Finally, with respect to the Release and Settlement,
the Court denied the motion without prejudice and allowed the

defendants to address the Court's concerns by filing a
supplemental memorandum in support of their motion.

On April 29, 2010, in accordance with the March, 2010 M&O,
defendants' filed a renewed motion for summary judgment and
plaintiffs responded with a cross-motion for summary judgment.
In a Memorandum & Order on January 11, 2011, the Court allowed
the defendants' motion for summary judgment and denied the
plaintiffs'.  Thereafter, on February 3, 2011, plaintiffs filed a
motion for reconsideration which the defendants opposed.
Defendants then moved to strike plaintiffs' exhibits, arguing
that they are altered from the original versions.

## III. <u>Motion for Reconsideration</u>

### A.   Legal Standard

To obtain relief on a motion for reconsideration, the moving
party must demonstrate that either newly discovered evidence has
come to light or the court committed a manifest error of law.
<u>Palmer</u> v. <u>Champion Mortg.</u>, 465 F.3d 24, 29 (1st Cir. 2006).  A
party may not advance a new argument that could have been
presented prior to the court's original ruling.  <u>Cochran</u> v. <u>Quest
Software, Inc.</u>, 328 F.3d 1, 11 (1st Cir. 2003).

### B.   Application

Plaintiffs make a number of arguments in support of their
motion.  First, they argue that the doctrine of promissory
estoppel should apply here because the defendants told plaintiffs

that any agreements between the original mortgage lender, Accredited, had nothing to do with Citigroup Global or Regions and the plaintiffs relied on those assertions to their detriment. They submit a letter from Khristi Matheny on January 3, 2008 stating that "any settlement agreements you may enter into with them will not affect your claims with [Citigroup} or Regions" and a similar letter from Denis McLaurin dated February 6, 2008. Defendants claim that the letters plaintiffs submit with their motion are altered versions of the originals.

The Court finds the promissory estoppel argument unpersuasive. In its January, 2011 ruling, the Court considered the possibility that promissory estoppel might apply and concluded that the language in the Release and Settlement precluded such an argument.

Second, plaintiffs argue that a genuine issue of material fact exists as to whether the defendants used unfair and deceptive tactics by asserting that all matters relating to Accredited were separate from Citigroup Global and Regions. In its January, 2011 opinion, this Court found that the Release and Settlement released the defendants from all claims relating to the Accredited Loan and arising out of their conduct prior to April 7, 2008, including a potential Chapter 93A claim. Because plaintiffs do not present any new evidence here and simply reiterate their original argument, reconsideration of this issue

is unwarranted.

Finally, plaintiffs assert that they asked the attorney who prepared the Accredited release to omit the word "assigns" from the revised agreement and then did not realize that it remained in the final agreement. They provide an email, dated April 2, 2008, from Ranen S. Schechner at Hinshaw & Culbertson LLP stating: "I have received and agree to remove 'assigns' from the release." The Court also finds this argument unavailing. Plaintiffs give no explanation for their failure to raise this issue prior to the Court's ruling on the motions for summary judgment. This argument is not based on newly discovered evidence and, as such, is an invalid basis upon which to grant reconsideration.

**IV. <u>Defendants' Motion to Strike</u>**

Defendants move to strike plaintiffs' exhibits, claiming that they are altered from the original versions. The purported authors submit affidavits denying the authenticity of the documents. Plaintiffs respond that defendants should have made this protest earlier, when the documents were originally submitted in support of plaintiffs' motion for summary judgment but, in fact, only the February 6, 2008 letter was previously submitted. In any event, because the Court will deny the plaintiffs' motion for reconsideration, defendants' motion to strike plaintiffs' exhibits will be denied as moot.

**ORDER**

In accordance with the foregoing, plaintiffs' motion for reconsideration (Docket No. 33) and defendants' motion to strike plaintiffs' exhibits (Docket No. 35) are **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 22, 2011